■ In the Matter of the Claim of THEODORE TREWILER, Respondent, v. REPUBLIC LIGHT, HEAT AND POWER Co. et al., Appellants. SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— This appeal is from a determination of the board which found the Special Fund (Workmen's Compensation Law, § 15, subd. 8) not liable, the issue being whether the employer had knowledge of any permanent physical condition of the claimant when he returned to his work following the accident. While working for the employer herein on December 8, 1955, the claimant fractured his right arm and was out of work until February 20, 1956 when he returned and was given lighter work. His attending physician submitted a report in December indicating there would be no permanent disability and in May, 1956, approximately six months after the accident the said physician released the claimant and indicated the only permanency consisted of a facial scar. In October, 1956, approximately 10 months after the first accident, he was involved in another accident in which he injured his legs and left arm and while in the hospital recuperating from these injuries and apparently for the first time, the doctor learned that there was a nonunion of the bone in his right arm. A fellow employee, who was the supervisor of compensation claims for the employer, testified that after the first accident but before the second accident he had assumed that the injury from the first accident would be permanent. When the claimant's physician testified, he stated that during the Summer and before the second accident he had decided that there would be a permanency resulting from the first injury but the record does not demonstrate that such information was ever conveyed to the employer prior to the second accident. One of the necessary requirements to meet the mandate of subdivision 8 of section 15 is knowledge on the part of employer at the time of hiring or continuance of employment that the prospective employee is suffering from some permanent injury. The purpose of the statute is primarily to rehabilitate workers in this category. The only testimony in this record of notice to the employer was that given by the compensation supervisor and which the board has decided was insufficient. The weight to be given testimony is for the board's determination and its decision is final. From a review of the record we are satisfied that there was substantial evidence to sustain the finding of the board that prior to the happening of the second accident the employer had no knowledge of permanency of a pre-existing condition within the meaning of subdivision 8 of section 15. Award unanimously affirmed, with costs to the respondent Special Disability Fund.